831 F.2d 193
 ARA LEISURE SERVICES; Outdoor World, Ltd., National Union
Fire Insurance Company of Pittsburgh; Central
National Life Insurance Company of
Omaha, Nebraska, Plaintiffs-Appellants,
v.
UNITED STATES of America, National Park Service; Blue Bird
Body Company, a Georgia Corporation, Defendants-Appellees.
ARA LEISURE SERVICES; Outdoor World, Ltd.; National Union
Fire Insurance Company of Pittsburgh; Central
National Life Insurance Company of
Omaha, Nebraska, Plaintiffs-Appellees,
v.
UNITED STATES of America, Defendant,
and
Blue Bird Company, a Georgia Corporation, Defendant-Appellant.
 Nos. 86-3933, 86-3979.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted June 1, 1987.
Decided Oct. 28, 1987.
 
 Marcus R. Clapp, Fairbanks, Alaska, for plaintiffs-appellants.
 Edward R. Cohen, Washington, D.C., for defendants-appellees.
 Howard Staley, Fairbanks, Alaska, for defendant-appellant.
 Appeal from the United States District Court for the District of Alaska.
 Before POOLE, FERGUSON and CANBY, Circuit Judges.
 CANBY, Circuit Judge:
 
 
 1
 Appellant ARA Services, Inc. (ARA) and Cross-Appellant Blue Bird Body Company (Blue Bird) appeal the district court's grant of summary judgment in favor of the United States in this action arising under the Federal Tort Claims Act (FTCA). The district court ruled that ARA's suit for contribution and Blue Bird's cross-claim for contribution were barred by the discretionary function exception to the FTCA, 28 U.S.C. Sec. 2680(a). We reverse.
 
 FACTS
 
 2
 On June 15, 1981, a tour bus operated by Outdoor World, Ltd., a subsidiary of ARA, went off a road in Denali National Park and rolled over. The accident, which killed five passengers and injured twenty-five others, occurred on a badly eroded stretch of Denali Park Road called Thoroughfare Pass. The passengers and their survivors brought suits against Outdoor World and ARA. These suits were eventually settled.
 
 
 3
 On April 8, 1983, ARA brought an action for contribution against the United States and the National Park Service, which built and maintained the road, and against Blue Bird, the manufacturer of the tour bus. ARA claimed that (1) the Park Service negligently designed, constructed, and maintained Thoroughfare Pass; and (2) Blue Bird negligently designed and manufactured the bus. Blue Bird filed a cross-claim for contribution against the United States, arguing that poor road conditions contributed to the accident and that the Park Service was negligent in supervising the training of the bus driver.
 
 
 4
 The district court entered summary judgment in favor of the United States. Viewing the evidence in the light most favorable to Blue Bird and ARA, the court found that "the Denali Park Road was substandard as to design and maintenance and that its condition contributed to the accident." The court ruled, however, that the condition of the road was the result of National Park Service policy decisions relating to road design, construction, and maintenance. The court therefore concluded that recovery was barred by the discretionary function exception.
 
 
 5
 The court also dismissed Blue Bird's driver training claim against the government, ruling that Blue Bird had failed to state a claim under the nondelegable duty doctrine. Blue Bird does not challenge this dismissal on appeal.
 
 STANDARD OF REVIEW
 
 6
 We review a grant of summary judgment de novo. Fagner v. Heckler, 779 F.2d 541, 543 (9th Cir.1985). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Ashton v. Cory, 780 F.2d 816, 818 (9th Cir.1986).
 
 DISCUSSION
 
 7
 The Federal Tort Claims Act, 28 U.S.C. Sec. 1346(b), authorizes suits against the United States for damages
 
 
 8
 for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.
 
 
 9
 The FTCA also provides that the United States shall be liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances...." 28 U.S.C. Sec. 2674.
 
 
 10
 The discretionary function exception excludes from the FTCA's ambit "[a]ny claim ... based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. Sec. 2680(a). The purpose of the exception is "to prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social economic, and political policy through the medium of an action in tort." United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 814, 104 S.Ct. 2755, 2765, 81 L.Ed.2d 660 (1984). "[I]f judicial review would encroach upon this type of balancing done by an agency, then the exception would apply." Begay v. United States, 768 F.2d 1059, 1064 (9th Cir.1985).
 
 
 11
 In the present case, ARA and Blue Bird argue that the Park Service failed to fulfill nondiscretionary duties to (1) install guardrails on Thoroughfare Pass; and (2) maintain the road and its shoulders in a safe condition for bus traffic. The government contends that these alleged duties were discretionary for purposes of the FTCA because (1) Park Service road policies placed esthetic and environmental constraints on the design and construction of Denali Park Road; and (2) maintenance decisions likewise required consideration of funding constraints and other factors.
 
 
 12
 We agree that the Park Service's decision to design and construct Denali Park Road without guardrails was grounded in social and political policy. The government has shown a clear link between this decision and Park Service policies requiring that roads be designed to be "esthetically pleasing [and to] ... lie[ ] lightly upon the land utilizing natural support wherever possible." U.S. Dept. of Interior, "Compilation of Administrative Policies for National Parks and National Monuments of Scientific Significance" at 65. See Bowman v. United States, 820 F.2d 1393 (4th Cir.1987) (placement of guard rails and warning signs along national park scenic drive is discretionary function); see also Dalehite v. United States, 346 U.S. 15, 38-42, 73 S.Ct. 956, 969-71, 97 L.Ed. 1427 (1953) (holding that alleged negligence in manufacture of fertilizer fell within exception because manufacturer followed specifications and plans adopted as policy matter with exercise of expert judgment). We therefore affirm the district court's ruling that the decision to design and construct Denali Park Road without guardrails is protected by the discretionary function exception.
 
 
 13
 We do not agree, however, that the failure to maintain Thoroughfare Pass in a safe condition was a decision grounded in social, economic, or political policies. First, we note that Park Service maintenance work is not the kind of regulatory activity that the Supreme Court singled out in Varig Airlines.[1] Second, there is no clear link between Park Service road policies and the condition of Thoroughfare Pass, which had eroded from an original width of twenty-eight feet to a width of 14.6 feet at the accident site and which had edges so soft as to be dangerous. In fact, there is evidence in the record that Park Service standards explicitly required that park roads "conform to the original grades and alignments" and that graded roads be "firm, [and] of uniform cross section." We agree with the Court of Appeals for the Eighth Circuit that "[w]here the challenged governmental activity involves safety considerations under an established policy rather than the balancing of competing public policy considerations, the rationale for the exception falls away and the United States will be held responsible for the negligence of its employees." Aslakson v. United States, 790 F.2d 688, 693 (8th Cir.1986).
 
 
 14
 Finally, the fact that Park Service maintenance personnel were required to work within a budget does not make their failure to maintain Thoroughfare Pass a discretionary function for purposes of the FTCA. We agree with the Court of Appeals for the Eleventh Circuit that it is insufficient "[f]or the government to show merely that some choice was involved in the decision-making process.... The balancing of policy considerations is a necessary prerequisite." Drake Towing Co., Inc., v. Meisner Marine Construction Co., 765 F.2d 1060, 1064 (11th Cir.1985). The Park Service balanced the relevant policy considerations when it established its standards for graded roads. The allocation of funds among projects aimed at bringing Denali National Park roads up to the standards is not a decision "of the nature and quality that Congress intended to shield from tort liability." Varig Airlines, 467 U.S. at 813, 104 S.Ct. at 2764. To hold otherwise would permit the discretionary function exception to all but swallow the Federal Tort Claims Act. Budgetary constraints underlie virtually all governmental activity.
 
 
 15
 We conclude that the government's failure to maintain Thoroughfare Pass falls in the category of "ordinary 'garden-variety' negligence," Aslakson, 790 F.2d at 693-94. Imposing tort liability will not lead to judicial second-guessing of Park Service policy decisions. See Varig Airlines, 467 U.S. at 814, 104 S.Ct. at 2765. We therefore reverse the district court's ruling that the maintenance decisions in the present case fall within the discretionary function exception to the FTCA.
 
 
 16
 REVERSED.
 
 
 
 [1]
 In Varig Airlines, the Supreme Court held that the discretionary function exception barred suits arising out of the alleged negligence of the Federal Aviation Administration in certificating certain aircraft for use in commercial aviation. The Court stressed that Congress in drafting the FTCA was particularly concerned with fashioning an exception for regulatory activity:
 whatever else the discretionary function exeption may include, it plainly was intended to encompass the discretionary acts of the Government acting in its role as a regulator of the conduct of private individuals. Time and again the legislative history refers to the acts of regulatory agencies as examples of those covered by the exception, and it is significant that the early tort claims bills considered by Congress specifically exempted two major regulatory agencies by name.
 467 U.S. at 813-14, 104 S.Ct. at 2764 (footnote omitted).