Dorothy ROBERTS, W.C. Shepherd, Robert L. Gee, Carl Stephens, et al., Plaintiffs/Appellants,

v.

UNITED STATES of America, Defendant/Appellee.

Louise NUNAMAKER, Plaintiff/Appellant,

v.

UNITED STATES of America, Defendant/Appellee.

No. 85–1733.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 14, 1986.

Argued and Submitted after Remand Feb. 11, 1988.

Memorandum Sept. 28, 1988.

Order and Opinion Oct. 18, 1989.

UNITED STATES of America, Appellee,

v.

Larry C. Johns, Las Vegas, Nev., for plaintiffs/appellants.

Ralph Johnson, Washington, D.C., for defendant/appellee.

Before BROWNING, TANG and BEEZER, Circuit Judges.

## OPINION

TANG, Circuit Judge:

The widows of two men who died from leukemia four years after contamination by radioactive fallout produced by the venting of an underground nuclear test, appeal from the district court's judgment in favor of the Government and denial of their motion to reopen the trial in their wrongful death action against the United States brought under the Federal Tort Claims Act (FTCA) 28 U.S.C. §§ 2671–80 (1982). The claims were tried in the District Court of Nevada from January 15 to April 5, 1979. On June 8, 1982, the court found the Government was negligent in its handling of evacuation from Area 12 after the venting occurred and in its decontamination of the exposed workers. On January 20, 1983 the court ruled in favor of the Government on questions of radiation dose and causation, finding that Roberts' maximum dose was 0.42 rem and Nunamaker's was 0.08 rem and that the radiation exposure did not cause Roberts' and Nunamaker's leukemias. On May 4, 1984 Roberts and Nunamaker moved to reopen to provide more evidence and on June 1, 1984 they supplied additional legal arguments to reopen. On June 14, 1984 the court filed its findings and conclusions; on January 4, 1985 it entered judgment for the Government. Roberts and Nunamaker filed a timely appeal from the final judgment and denial of the motion to reopen on March 1, 1985.

The appeal raised four primary questions: (1) whether the district court's findings were clearly erroneous; (2) whether the district court abused its discretion in denying the motion to reopen; (3) whether the district court erred in imposing a standard of proof of causation of "a reasonable degree of medical certainty"; and (4) whether the district court erred in refusing to apply the burden shifting presumptions of Nevada workers' compensation statutes.

At the first oral argument the emphasis was on the motion to reopen, the causation standard and the workers' compensation presumptions. On December 24, 1986, this court ordered a limited remand to allow the district court to state its reasons for denying the motion for a new trial. The district court has given its reasons and the original appeal has been reinstated. We remand for determination of whether the discretionary function exception of 28 U.S.C. § 2680(a) applies.

Recent cases suggest that the United States may not have consented to suit in this case under the discretionary function exception to the FTCA. *See In re Consolidated United States Atmospheric Testing Litigation*, 820 F.2d 982 (9th Cir.1987), *cert. denied sub nom., Konizeski v. Livermore Labs*, 485 U.S. 905, 108 S.Ct. 1076, 99 L.Ed.2d 235 (1988); *Allen v. United States*, 816 F.2d 1417 (10th Cir.1987), *cert. denied*, 484 U.S. 1004, 108 S.Ct. 694, 98 L.Ed.2d 647 (1988). The United States did not raise this defense in this case but if the discretionary function applies, the claims should be dismissed for lack of jurisdiction. This court must consider jurisdiction even if the parties have not challenged it. *See, e.g., Sumner v. Mata*, 449 U.S. 539, 547 n. 2, 101 S.Ct. 764, 769 n. 2, 66 L.Ed.2d 722 (1981); *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908).

In *Allen*, a suit brought by members of the public injured by radioactive fallout, the Tenth Circuit said the discretionary function exception of section 2680 covers actions surrounding the atomic bomb tests in the 1950's and 1960's, 816 F.2d at 1424, including the failure by the Atomic Energy Commission (AEC) or its employees "to fully monitor offsite fallout exposure and

to fully provide needed public information on radioactive fallout," *id.* at 1419. The court noted that the plaintiffs and the lower court had not pointed to "a single instance in which test site personnel ignored or failed to implement specific procedures mandated by the AEC for monitoring and informing the public." *Id.* at 1421. Rather, as the Tenth Circuit saw it, the district court's conclusions were based on perceived inadequacies in the radiological safety and information plans themselves. *Id.* The court concluded that "Government liability cannot logically be predicated on the failure of test-site personnel to go beyond what the operational plans specifically required them to do." *Id.* The actions of those who were to implement public safety programs thus fall within the discretionary function exception. *Id.*

In *Atmospheric Testing,* a consolidated appeal of suits brought by participants in the nuclear weapons testing program, the Ninth Circuit said the discretionary function exception applies both to failures to take adequate safety precautions at the test sites and to failures to issue warnings of the hazards of radiation exposure prior to 1977. 820 F.2d at 993, 996. The allegations of negligence centered on a contention that the scientists who developed a Safety Plan "failed to appreciate or prepare for the magnitude of the hazards that would result." *Id.* at 994. The Appellants argued that AEC and military officials were responsible for developing safety plans, for ensuring participants were not subjected to radiation doses exceeding exposure limits established by the plan and for following safety guidelines established in the plan, such as decontamination measures and use of protective clothing and gear. *Id.* We noted that although the plan established exposure limits, the plan was expressly subject to the authority of the officer in charge of any particular test who could permit excess exposure because the plan specified that compliance with exposure limits was conditioned upon operational requirements. *Id.* at 995. We determined that "responsibility for carrying out the Safety Plan was assigned to the officials in charge of the tests who had discre-

tion to adopt and modify the Plan as necessary to achieve the objectives of the test." *Id.* Finally, we concluded that safety decisions incorporated in the Safety Plan "were a part of the policy decisions made in the conduct of the weapons tests" and thus within the discretionary function exception. *Id.*

Here, the district court found that supervisory personnel failed to comply with requirements of the AEC Manual and concluded that the failure was negligent. Because the discretionary function exception was not raised or litigated in the court below, the record is not sufficiently developed for this court to determine whether Roberts' challenge is different in any meaningful way from that in *Atmospheric Testing.* The district court findings in this case state that Chapter 0544 of the AEC Manual mandates the preparation of written emergency plans, including evacuation and take cover procedures, procedures for accounting for all personnel and for monitoring their exposure to radiation, procedures for notifying personnel of the need to evacuate, and procedures for training security guards in the emergency plans and procedures. The AEC Standard Operating Procedure for the Nevada Test Site, NTSO–0601, which implemented Chapter 0544, gave the Test Manager the responsibility for directing evacuations. Because no written documents were prepared by the Test Manager as required by Chapter 0544, the district court found that the Government had breached its duty. Specifically, the district court found that there was no emergency evacuation plan, no plan for accounting for personnel or for monitoring their exposure, no training or drills in evacuation procedures and no training for the security guards ordered to carry out evacuation. The crucial distinction between this case and *Atmospheric Testing* appears to be that Roberts does not challenge the safety procedures authorized by the AEC but rather the failure to develop the mandated procedures. We are unable to determine from the documents in the record whether the Test Manager had the degree of discretion in deciding whether to

develop these plans that the *Atmospheric Testing* court found in that case.

Accordingly, this case is REMANDED to permit the district court to develop the record and decide whether it had jurisdiction over Roberts' complaint.