5 F.3d 540
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Betty SHIVELY, Harold Shively, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-16354.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 10, 1993.*
Decided Aug. 18, 1993.
 
 Appeal from the United States District Court for the Eastern District of California; No. CV-01109-EJG, Edward J. Garcia, District Judge, Presiding.
 E.D.Cal.
 AFFIRMED.
 Before: KOZINSKI, THOMPSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Harold Shively and his wife Betty Shively suffered serious injuries when their automobile struck a large Angus bull on California State Highway 44 in Lassen County, California. The land on either side of Highway 44 where the accident occurred is open meadowland. The Angus bull the Shivelys ran into was owned by a permittee under a grazing permit issued by the United States Forest Service.
 
 
 3
 The Shivelys brought suit against the United States, pursuant to the Federal Tort Claims Act ("FTCA"), alleging the Forest Service negligently failed to fence in the federal grazing land adjacent to Highway 44 and negligently failed to post signs warning of cattle crossing the roadway.[1] The district court granted summary judgment in favor of the United States on the basis of the discretionary function exception to the FTCA. The Shivelys timely appeal. We affirm.
 
 
 4
 * We review de novo the district court's grant of summary judgment. Miller v. United States, 945 F.2d 1464, 1465 (9th Cir.1991). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id.
 
 
 5
 We also review de novo the district court's determination of lack of subject matter jurisdiction under the discretionary function exception. Arizona Maintenance Co. v. United States, 864 F.2d 1497, 1499 (9th Cir.1989).
 
 II
 
 6
 The FTCA authorizes suits against the United States for damages for personal injuries when a private person would be liable under the law of the place where the act or omission causing the injury occurred. See 28 U.S.C. Secs. 1346(b), 2674. Such a suit against the government is not available, however, when the act or omission complained of is "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the [g]overnment." 28 U.S.C. Sec. 2680(a).
 
 
 7
 The government has the burden of proving the discretionary function exception to the FTCA's general waiver of immunity. See Prescott v. United States, 973 F.2d 696, 702 (9th Cir.1992). "The existence of choice is essential to the application of the exception," see Berkovitz v. United States, 486 U.S. 531, 536 (1988), "but does not alone justify its application." Camozzi v. Roland/Miller & Hope Consulting Group, 866 F.2d 287, 289 (9th Cir.1989).
 
 
 8
 In accordance with the Supreme Court's decision in Berkovitz, we use a two-step test to determine whether the discretionary function exception applies. Prescott, 696 F.2d at 703. First, we consider "whether the challenged action is a matter of choice for the acting employees: '[T]he discretionary function exception will not apply when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow' " and the employee fails to follow that course of action. Id. (quoting Summers v. United States, 905 F.2d 1212, 1214 (9th Cir.1990)). Second, if the challenged conduct does involve an element of judgment, we must determine whether that judgment "is of a kind that the discretionary function was designed to shield." Id. (internal quotation omitted).
 
 
 9
 The discretionary function was designed to protect from review decisions "susceptible to policy analysis." United States v. Gaubert, --- U.S. ----, 111 S.Ct. 1267, 1275 (1991) ("[w]hen established governmental policy, as expressed or implied by statute, regulation, or agency guidelines, allows a Government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion").
 
 III
 
 10
 The Forest Service's decision not to fence in the grazing land adjacent to Highway 44, notwithstanding the Forest Service's knowledge of accidents involving cattle on Highway 44, is protected by the discretionary function exception. First, no federal statute, regulation or policy requires the Forest Service to fence federal grazing land adjacent to highways. See 43 U.S.C. Sec. 1752 (Federal Land Policy and Management Act); 36 C.F.R. Sec. 222.3 (criteria for issuing grazing permit); Forest Service Manual 2230.6 (May, 1986). See also Berkovitz, 486 U.S. at 536.
 
 
 11
 Second, the Forest Service's decision to leave the grazing lands adjacent to Highway 44 unfenced was made after balancing safety, economic and policy concerns. Before the Shivelys' accident, responsible officials of the Forest Service determined that fencing the grazing lands adjacent to Highway 44 where the accident happened would undermine forestry objectives by interfering with cattle and deer movement and vegetation growth, and that fencing could pose a safety hazard to snowmobilers in the winter months. These concerns were balanced against the danger to motorists driving on the unfenced highway. Cf. ARA Leisure Services Inc. v. United States, 831 F.2d 193, 195 (9th Cir.1987) (Park Service decision to design and construct road without guardrails was grounded in social and political policy).
 
 
 12
 The Forest Service's decision to leave Highway 44 unfenced is readily distinguishable from cases where an agency is alleged to have ignored an established safety policy rather than to have balanced competing considerations. Compare Richardson v. United States, 943 F.2d 1107, 1112 (9th Cir.1991) (decision to install overhead ground wires at certain places and not others was not made in disregard of safety considerations), cert. denied, 112 S.Ct. 1473 (1992), with Summers, 905 F.2d at 1215-16 (agency failure to identify and warn of danger from hot coals on park benches was not a balanced policy decision, but rather a departure from established safety policy); and ARA Leisure Services Inc., 831 F.2d at 195 (failure to maintain road in safe condition was not a decision grounded in social, economic or political policy). Here, the Forest Service's discretionary choice not to install fencing along the highway is not subject to "judicial second-guessing." See United States v. S.A. Empresa De Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 814 (1984).
 
 IV
 
 13
 The Forest Service's decision not to post signs warning drivers on Highway 44 of possible cattle crossing, but rather to delegate this responsibility to the State of California, is also protected by the discretionary function exception.
 
 
 14
 No mandatory federal statute, regulation, or policy clearly dictates a particular course of conduct on the subject of posting warning signs on highways traversing unfenced grazing land that government agents failed to carry out. See Gaubert, 111 S.Ct. at 1274; Kennewick Irrigation Dist. v. United States, 880 F.2d 1018, 1027 (9th Cir.1989). The Forest Service Manual, section 7160.2, provides "[t]he objectives of the sign and poster program are" to "[p]rovide information for the safety, enjoyment and convenience of National and Grasslands visitors, users, cooperators, and employees." The Forest Service Manual, section 7160.33, provides the Forest Service will "cooperate with States, counties, municipalities, private parties, and other Federal agencies as needed to accomplish signing objectives."
 
 
 15
 While the Forest Service Manual broadly identifies signing objectives, including safety, it does not remove the Forest Service's discretion to decide how the signing objectives should be accomplished. Rather, the Forest Service Manual envisions flexibility in accomplishing signing objectives, including cooperation with states and counties. See Kennewick, 880 F.2d at 1026 ("[a] general statutory duty to promote safety, as was incumbent upon the FAA in Varig, would not be sufficient" to remove discretion of agency).
 
 
 16
 The Forest Service agreed with the State of California that "[w]ithin the highway right-of-way the State will install and maintain ... [r]egulatory and warning signs." See Title 1500, Memorandum of Understanding to Establish Procedures for Coordinating Activities Related to State Highways Across Lands Administered by the U.S. Forest Service in the State of California (1983). This agreement resulted from a decision by the Forest Service susceptible to political, social and economic policy considerations. These considerations include the desirability of advance cooperation and full understanding of signing responsibilities between the state and federal government to avoid differences which inconvenience the public and are costly and time-consuming to reconcile.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Shivelys filed a separate suit against the State of California and the owner of the Angus bull