15 F.3d 1088
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Christopher L. PHILLIPS, Plaintiff-Appellee,
v.
UNITED STATES of America, Defendant-Appellant.
 No. 92-36771.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 4, 1994.
Decided Jan. 20, 1994.
 
 Before: WRIGHT, CANBY, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The district court entered judgment against the United States and awarded damages to Mr. Phillips. We affirm.
 
 
 3
 Little Owl Road in the Boise National Forest was rebuilt pursuant to a timber sale contract. The contract mandated engineering specifications, including compaction density for the surface aggregate. Phillips was injured and permanently disabled when his semi-truck with a heavy load rolled down an embankment after sinking into a soft spot in the road. He sued the United States under an Idaho premises-liability theory of tort.
 
 
 4
 The Federal Tort Claims Act allows suit against the United States for the negligence of its employees "in the same manner and to the same extent as a private individual under like circumstances," 28 U.S.C. Sec. 2674, using "the law of the place where the act or omission occurred," 28 U.S.C. Sec. 1346(b).[1]
 
 
 5
 The United States, as an Idaho landowner, owed Phillips a duty " 'to keep its [road] in a reasonably safe condition and to warn of hidden or concealed dangers which [it] knows of or should know of by exercise of reasonable care.' " Morgan v. Idaho, S.Ct. No. 19709, 1993 slip op. No. 118 at 10 (Idaho Oct. 29, 1993) (quoting and reaffirming Walton v. Potlatch Corp., 781 P.2d 229, 235 (1989)). The Forest Service exercised almost no care.
 
 
 6
 A road reconstruction project is replete with opportunities for hidden dangers to arise. Forest Service supervisors should have known what they would have known had they exercised reasonable care and inspected the road: that the aggregate was inadequately compacted to support vehicles of the kind for which the road was designed.
 
 
 7
 The record supports Judge Ryan's finding that the Forest Service failed to inspect the compaction density and that inadequate compaction caused this accident. Phillips v. United States, 801 F.Supp. 337 342-43 (D.Idaho 1992). The compaction equipment used was different from that specified in the government's contract with the road contractor. And each subsequent on-site Forest Service inspector either without reason failed to inspect the compaction or thought that his predecessor had already done so.
 
 
 8
 The discretionary function exception to the FTCA does not apply. 28 U.S.C. Sec. 2680(a).[2] The purported decision to not inspect was not grounded in a social, economic or political policy balancing of the kind that Congress intended to shield from tort liability. See ARA Leisure Services v. United States, 831 F.2d 193, 195-96 (9th Cir.1987) (decision to inadequately maintain road in national park not linked to policy concerns); Seyler v. United States, 832 F.2d 120, 122-23 (9th Cir.1987) (same regarding speed limit signs).
 
 
 9
 Nor does the independent contractor exception apply. The government was independently negligent under Idaho law for its failure to discover and either abate or warn of the danger. See McGarry v. United States, 549 F.2d 587 (9th Cir.1976) (failure of Atomic Energy Commission to inspect contractor's work was independent negligence by AEC under Nevada law).
 
 
 10
 The non-economic damages award was not excessive under Idaho law.[3] Phillips is a spastic quadriplegic who is paralyzed but can still feel pain in the affected areas. Because Idaho has no reported cases involving analogous injuries, Idaho courts would look to other jurisdictions that have heard similar claims. Lombard v. Cory, 522 P.2d 581, 595 (Idaho 1974).
 
 
 11
 Our survey of factually similar cases indicates that other awards meet or exceed the amount of this judgment. See, e.g., Socorro v. Orleans Levee Bd., 561 So.2d 739 (La.App.1990) ($3,500,000 pain and suffering award to spastic paraplegic); Jeep Corp. v. Walker, 528 So.2d 1203 (Fla.App.1988) ($4,900,000 pain and suffering award to 29 year old quadriplegic); Peterson v. Dep't of Transp., 399 N.W.2d 414 (Mich.App.1986) (31 year old quadriplegic awarded $4,100,000 for pain and suffering); Firestone v. Crown Ctr. Redev. Corp., 693 S.W.2d 99 (Mo.1985) (34 year old quadriplegic awarded $8,000,000 in non-economic damages); Stackiewicz v. Nissan Motor Corp., 686 P.2d 925 (Nev.1984) ($3,000,000 pain and suffering award to 22 year old paraplegic).
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We review de novo the district court's application of Idaho law, Littlefield v. United States, 927 F.2d 1099 (9th Cir.1991), and for clear error its finding of negligence, Vollendorf v. United States, 951 F.2d 215, 217 (9th Cir.1991)
 
 
 [2]
 Because the discretionary function exception implicates subject matter jurisdiction, we consider it even though the government failed to raise the claim below. See Richardson v. United States, 943 F.2d 1107 (9th Cir.1991) (claim dismissed after 14 years and three trials despite government losing on issue twice below but never raising on appeal); Roberts v. United States, 887 F.2d 899 (9th Cir.1989) (defense raised sua sponte by court on appeal and remanded for determination because jurisdictional)
 
 
 [3]
 We review for clear error damage awards under the FTCA, looking to Idaho's case law, McCarthy v. United States, 870 F.2d 1499, 1500 (9th Cir.1989), and reversing only if we are "left with a definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)