# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2705

_____

| | | |
|---|---|---|
| Estate of Delores Walters; | * | |
| Tanya Ward; Paddy Aungie; | * | |
| Melanie Traversie; Dion Hall; | * | |
| Brady Hall, | * | |
| | * | |
| Appellants, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| United States of America, | * | |
| acting through the Bureau of | * | |
| Indian Affairs, Department of Safety, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: December 13, 2006
Filed: January 29, 2007

_____

Before BYE, COLLOTON, and BENTON, Circuit Judges.

_____

BYE, Circuit Judge.

Several parties who suffered injuries on the Cheyenne River Sioux Indian Reservation in South Dakota challenge the district court's[1] determination that their claims against the Bureau of Indian Affairs (BIA) were barred by the discretionary

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

function exception to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-2680.  We affirm.

I

Three separate car accidents occurred between January 14 and May 6, 2004, on a 14.6 mile stretch of gravel road designated as BIA Route #3 within the exterior boundaries of the Cheyenne River Sioux Indian Reservation.  Several people (hereinafter Walters) were injured in the accidents.  They joined together to bring claims against the United States (acting through the BIA) under the FTCA alleging the washboard condition of the gravel road contributed to their accidents, and the BIA's lack of regular maintenance was the cause of the washboard condition.

The United States filed a motion to dismiss contending the discretionary function exception barred the suit because, under the circumstances of this case, maintenance of the road was a discretionary function.  See 28 U.S.C. § 2680(a) (precluding claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused").  After converting the motion to dismiss into a motion for summary judgment, the district court granted summary judgment and dismissed the suit on two grounds. First, the district court agreed the discretionary function exception applied.  Second, the district court *sua sponte* raised the issue whether a private party could be held liable for negligent failure to maintain a road, and concluded the FTCA's private analogue requirement, see 28 U.S.C. § 1346(b)(1) (authorizing claims only "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred"), barred the suit under the facts and circumstances of this case. Walters filed a timely appeal challenging both of the district court's determinations.

## II

We review the district court's grant of summary judgment de novo, viewing the record in the light most favorable to the nonmoving party. Tillery v. Hoffman Enclosures, Inc., 280 F.3d 1192, 1196 (8th Cir. 2002). If the FTCA's discretionary function exception applies, it is a jurisdictional bar to suit. Dykstra v. U. S. Bureau of Prisons, 140 F.3d 791, 795 (8th Cir. 1998). We also review de novo the district court's determination that it lacks jurisdiction. Simes v. Huckabee, 354 F.3d 823, 827 (8th Cir. 2004).

Walters contends the district court erred in determining the discretionary function exception barred this suit because road maintenance is generally not considered a discretionary function, but rather a ministerial act performed at the operational level. See ARA Leisure Servs. v. United States, 831 F.2d 193, 195 (9th Cir. 1987) (concluding the discretionary function exception did not shield the Park Service from suit for its alleged failure to maintain a road in compliance with Park Service standards that required park roads to "conform to the original grades and alignments" and to be "firm, [and] of uniform cross section"). Walters likens ARA Leisure to this case because the applicable regulation here defined maintenance as "the act of preserving the entire roadway, including surface, shoulders, roadsides, structures, and the necessary traffic control devices as nearly as possible in the as-built condition and to provide services for the satisfactory and safe use of such roads." 25 C.F.R. § 170.2(h) (2004). Walters reasons the "as-built condition" of BIA Route #3 did not include washboard, meaning the BIA did not maintain the road in compliance with the applicable standard, and thus this suit should be allowed for the same reason suit was allowed in ARA Leisure.

If § 170.2(h) were the extent of the applicable regulations, we would agree this case is the same as ARA Leisure and the discretionary function exception does not apply. The government, however, cites another applicable regulation which

specifically requires the BIA to take into account the availability of funds when deciding the extent to which to maintain roads. See 25 C.F.R. § 170.6 (2004) ("Subject to the availability of funds, the Commissioner shall maintain, or cause to be maintained, those approved roads on the Federal-Aid Indian Road System.").

Where the applicable statutes, regulations, or policies allow the government to take budgetary considerations into account, the discretionary function exception applies. In National Union Fire Insurance v. United States, the Ninth Circuit explained this distinction:

> A word also needs to be said about cost. In ARA Leisure, we said that the agency could not invoke the discretionary function exception based on budgetary considerations, but in Kennewick [Irrigation District v. United States, 880 F.2d 1018 (9th Cir. 1989)] we said that it could. In this case we also say that it could. These cases can be reconciled; whether the government can take cost into account depends on the applicable statutes, regulations, and policies. In ARA Leisure, the regulation required the Park Service to maintain the road width and firmness, not to balance that goal against what it would cost. In the case at bar, the statute expressly requires the Corps to consider the "relation of the ultimate cost of such work" to the other factors in deciding whether to do the work. 33 U.S.C. § 541. Where a statute or policy requires a particular government action, it has no discretionary function immunity based on its choice to spend its money doing something else instead. But where a statute or policy plainly requires the government to balance expense against other desiderata, then considering the cost of greater safety is a discretionary function.

115 F.3d 1415, 1421-22 (9th Cir. 1997).

Walters gives us no reason to create a circuit split with the Ninth Circuit on this issue, other than to urge us to consider the unfairness of shielding the BIA from suit for the serious injuries suffered by the parties in light of allegedly strong evidence the

road was poorly maintained by the BIA. Unfortunately, the discretionary function exception is not about fairness:

> Application of the exception is often troubling, because it may be a shield for carelessness and poor judgment. . . . Private actors generally must pay for the harm they do by carelessness. The government's power to tax enables it, better than any private actor, to perform its conduct with reasonable care for the safety of persons and property, and to spread the cost over all the beneficiaries if its conduct negligently causes harm. Fairness might seem to suggest that the government should be liable more broadly than private actors. But at its root, the discretionary function exception is about power, not fairness. The sovereign has, by the exercise of its authority, reserved to itself the right to act without liability for misjudgment and carelessness in the formulation of policy.

Id. at 1422.

Because the applicable regulations expressly required the BIA to consider the availability of funds in deciding whether to perform maintenance on its roads, we conclude the district court correctly held the discretionary function exception shields the government from suit in this case.[2]

III

We affirm the district court's order of dismissal.

---

[2]Having concluded the district court lacked jurisdiction over this suit because the discretionary function exception applied, we have no reason to consider the district court's alternative holding that the suit was barred by the FTCA's private analogue requirement.

COLLOTON, Circuit Judge, concurring in the judgment.

I am not as confident as my colleagues that we can uphold the district court's conclusion that this action is barred by the discretionary function exception of the Federal Tort Claims Act, 28 U.S.C. § 2680(a). The discretionary function exception precludes liability for acts of government officials that "involve an element of judgment or choice," where the judgment or choice is "based on considerations of public policy." *United States v. Gaubert*, 499 U.S. 315, 322-23 (1991) (internal quotations omitted). Unlike *National Union Fire Insurance v. United States*, 115 F.3d 1415 (9th Cir. 1997), where the applicable statute "expressly require[d]" the government "to consider the relation of the ultimate cost of [the] work to other factors in deciding whether to do the work," *id.* at 1422 (internal quotation omitted), the regulation in this case says merely that the government "shall maintain, or cause to be maintained" the roads, "subject to the availability of funds." 25 C.F.R. § 170.6 (2004). Everything the government does is subject to the availability of funds. This case thus seems closer to *ARA Leisure Services v. United States*, 831 F.2d 193 (9th Cir. 1987), where the government argued that road maintenance decisions required consideration of "funding constraints," *id.* at 195, and the court rejected the argument because "[b]udgetary constraints underlie virtually all governmental activity." *Id.* at 196. *Cf. Aslakson v. United States*, 790 F.2d 688, 693 (8th Cir. 1986) ("Where the challenged governmental activity involves safety considerations under an established policy rather than the balancing of competing public policy considerations, the rationale for the exception falls away and the United States will be held responsible for the negligence of its employees."). I am doubtful that the people who determined not to repair the road in this case were charged with making a policy decision about the allocation or availability of government funds.

I concur in the judgment, however, because I believe the district court correctly dismissed this action pursuant to the "private analogue requirement" of the FTCA. The FTCA extends jurisdiction to the district courts over claims against the United

States for wrongful acts or omissions of government employees only in circumstances "where the United States, *if a private person*, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346 (b)(1) (emphasis added). The Act requires the court "to look to the state-law liability of private entities, not to that of public entities, when assessing the Government's liability under the FCTA 'in the performance of activities which private persons do not perform.'" *United States v. Olson*, 126 S. Ct. 510, 512 (2005) (quoting *Indian Towing Co. v. United States*, 350 U.S. 61, 64 (1955)).

In this case, therefore, the dispositive question is whether a private entity would be liable to the plaintiffs if a private party negligently had failed to eliminate "washboard" conditions in the gravel road traveled by the plaintiffs. The Supreme Court of South Dakota provided guidance on this question in *Estate of Shuck v. Perkins County*, 577 N.W.2d 584 (S.D. 1998). There, a driver of an automobile lost control of his vehicle due to loose gravel on a road, and the court held that the defendant county was not liable for negligence in maintaining the road by allowing loose gravel to remain on the road. The court reasoned that "there can be no duty or negligent breach thereof concerning a condition which is inherent to that subject matter," and observed that the plaintiffs cited no authority that "loose gravel, by itself, is not an inherent part of a gravel road." *Id*. at 589. In explaining what it meant by an "inherent" condition, the court stated that "[w]hile gravel when initially placed may be compacted by machinery, the passing of time, traffic, weather and the elements *can result in that compacted gravel becoming loose*." *Id*. (emphasis added).

The holding of *Shuck* demonstrates that negligent maintenance resulting in loose gravel cannot give rise to an action under the FTCA, because a private party (like a county) has no duty in South Dakota to prevent the development of such an "inherent" condition. For the same reason, the failure to prevent washboard conditions in a gravel road would not give rise to tort liability for a private party in South Dakota. There is no dispute that "washboard conditions" are an inherent

condition of gravel roads in the same sense that *Shuck* defined loose gravel as an inherent condition – that is, while gravel roads initially may be rendered flat by machinery, the passing of time, traffic, weather, and the elements can result in the development of washboard conditions. The district court remarked that "washboard conditions on gravel roads are so obvious that any person driving on a gravel road is expected to be aware of such conditions and take precautions when driving on gravel roads." The court took judicial notice that washboard conditions "are an inherent part of almost all gravel roads in South Dakota," and appellants conceded this fact at oral argument. Accordingly, because a private party would not be liable in South Dakota for failing to maintain a gravel road without washboard conditions, the United States has not waived sovereign immunity under the FTCA for such an act or omission by a government employee.

_____