COLLOTON, Circuit Judge,
concurring in the judgment.
I am not as confident as my colleagues that we can uphold the district court’s conclusion that this action is barred by the discretionary function exception of the Federal Tort Claims Act, 28 U.S.C. § 2680(a). The discretionary function exception precludes liability for acts of government 'officials that “involve an element of judgment or choice,” where the judgment or choice is “based on considerations of public policy.” United States v. Gaubert, 499 U.S. 315, 322-23, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991) (internal quotations omitted). Unlike National Union Fire Insurance v. United States, 115 F.3d 1415 (9th Cir.1997), where the applicable statute “expressly require[d]” the government “to consider the relation of the ultimate cost of [the] work to other factors in deciding *1141 whether to do the work,” id. at 1422 (internal quotation omitted), the regulation in this case says merely that the government “shall maintain, or cause to be maintained” the roads, “subject to the availability of funds.” 25 C.F.R. § 170.6 (2004). Everything the government does is subject to the availability of funds. This case thus seems closer to ARA Leisure Services v. United States, 831 F.2d 193 (9th Cir.1987), where the government argued that road maintenance decisions required consideration of “funding constraints,” id. at 195, and the court rejected the argument because “[bjudgetary constraints underlie virtually all governmental activity.” Id. at 196. Cf. Aslakson v. United States, 790 F.2d 688, 693 (8th Cir.1986) (“Where the challenged governmental activity involves safety considerations under an established policy rather than the balancing of competing public policy considerations, the rationale for the exception falls away and the United States will be held responsible for the negligence of its employees.”). I am doubtful that the people who determined not to repair the road in this case were charged with making a policy decision about the allocation or availability of government funds.
I concur in the judgment, however, because I believe the district court correctly dismissed this action pursuant to the “private analogue requirement” of the FTCA. The FTCA extends jurisdiction to the district courts over claims against the United States for wrongful acts or omissions of government employees only in circumstances “where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.” 28 U.S.C. § 1346(b)(1) (emphasis added). The Act requires the court “to look to the state-law liability of private entities, not to that of public entities, when assessing the Government’s liability under the FCTA ‘in the performance of activities which private persons do not perform.’ ” United States v. Olson, 546 U.S. 43, 126 S.Ct. 510, 512, 163 L.Ed.2d 306 (2005) (quoting Indian Towing Co. v. United States, 350 U.S. 61, 64, 76 S.Ct. 122, 100 L.Ed. 48 (1955)).
In this case, therefore, the dispositive question is whether a private entity would be liable to the plaintiffs if a private party negligently had failed to eliminate “washboard” conditions in the gravel road traveled by the plaintiffs. The Supreme Court of South Dakota provided guidance on this question in Estate of Shuck v. Perkins County, 577 N.W.2d 584 (S.D.1998). There, a driver of an automobile lost control of his vehicle due to loose gravel on a road, and the court held that the defendant county was not liable for negligence in maintaining the road by allowing loose gravel to remain on the road. The court reasoned that “there can be no duty or negligent breach thereof concerning a condition which is inherent to that subject matter,” and observed that the plaintiffs cited no authority that “loose gravel, by itself, is not an inherent part of a gravel road.” Id. at 589. In explaining what it meant by an “inherent” condition, the court stated that “[w]hile gravel when initially placed may be compacted by machinery, the passing of time, traffic, weather and the elements can result in that compacted gravel becoming loose.” Id. (emphasis added).
The holding of Shuck demonstrates that negligent maintenance resulting in loose gravel cannot give rise to an action under the FTCA, because a private party (like a county) has no duty in South Dakota to prevent the development of such an “inherent” condition. For the same reason, the failure to prevent washboard conditions in a gravel road would not give rise to tort liability for a private party in South Dakota. There is no dispute that “washboard conditions” are an inherent condi *1142 tion of gravel roads in the same sense that Shuck defined loose gravel as an inherent condition — that is, while gravel roads initially may be rendered flat by machinery, the passing of time, traffic, weather, and the elements can result in the development of washboard conditions. The district court remarked that “washboard conditions on gravel roads are so obvious that any person driving on a gravel road is expected to be aware of such conditions and take precautions when driving on gravel roads.” The court took judicial notice that washboard conditions “are an inherent part of almost all gravel roads in South Dakota,” and appellants conceded this fact at oral argument. Accordingly, because a private party would not be liable in South Dakota for failing to maintain a gravel road without washboard conditions, the United States has not waived sovereign immunity under the FTCA for such an act or omission by a government employee.