**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAY 29 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JENNIFER KRANSKY,<br><br>        Plaintiff - Appellant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant - Appellee. | No. 24-2131<br><br>D.C. No.<br>1:23-cv-00116-SPW<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted March 24, 2025
Seattle, Washington

Before: McKEOWN and OWENS, Circuit Judges, and KENDALL, District
Judge.**

Jennifer Kransky appeals from the district court's dismissal of her tort

claims brought against the United States under the Federal Tort Claims Act

(FTCA). As the parties are familiar with the facts, we do not recount them here.

---

      *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      **    The Honorable Virginia M. Kendall, United States District Judge for
the Northern District of Illinois, sitting by designation.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo whether sovereign immunity deprives the district court of subject matter jurisdiction over tort claims against the United States. *DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1122 (9th Cir. 2019). We take the complaint's factual allegations as true, draw reasonable inferences in the plaintiff's favor, and ask "whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

1. We affirm the district court's dismissal of the negligent and intentional infliction of emotional distress claims ("the IED claims") because they fall within the FTCA's intentional tort exception. That exception excludes claims "arising out of" torts enumerated in § 2680(h)—including libel and slander—from the FTCA's waiver of sovereign immunity. 28 U.S.C. § 2680(h); *Millbrook v. United States*, 569 U.S. 50, 52 (2013).

The district court correctly reasoned that the IED claims arise out of the defamation claim. Under Montana law, defamation is "effected by" libel or slander, two torts enumerated in § 2680(h). Mont. Code Ann. § 27-1-801. The allegedly defamatory statements of VA officials are "essential" to the IED claims, because, by her own account, these statements precipitated the investigation of her nursing license that incited her fear for her career. *Thomas-Lazear v. FBI*, 851 F.2d 1202, 1207 (9th Cir. 1988). Thus, Kransky's IED claims are based on

2                                                        24-2131

conduct that also "constitute[s] a claim" for an enumerated tort. *DaVinci Aircraft*, 926 F.3d at 1123.

2. We affirm the district court's dismissal of the malicious prosecution, abuse of process, and retaliation claims, albeit on different grounds. "We may affirm a district court's judgment on any ground supported by the record, whether or not the decision of the district court relied on the same grounds or reasoning we adopt." *Atel Fin. Corp. v. Quaker Coal Co.*, 321 F.3d 924, 926 (9th Cir. 2003).

Malicious prosecution and abuse of process are enumerated torts under 28 U.S.C. § 2680(h). Kransky's retaliation claim arises from her malicious prosecution claim because the two claims are based on identical underlying conduct: the VA's investigation of alleged misconduct involving Kransky and report to the Montana Board of Nursing. To the extent Kransky's malicious prosecution, abuse of process, and retaliation claims arise from the non-law enforcement employees' conduct, all three claims are barred by the intentional tort exception.

Insofar as these claims are based on the conduct of VA Office of Inspector General agents Huntoon and Jackson, we consider them under § 2680(h)'s law enforcement proviso, which excludes claims based on the conduct of law

enforcement officers from the intentional tort exception. [1] *Millbrook*, 569 U.S. at 54–55. Section 2680(a)'s discretionary function exception, however, independently excludes claims based on the conduct of federal officers—including that of federal law enforcement officers—from the FTCA's waiver of sovereign immunity, where such claims are "based upon the exercise" of "a discretionary function[.]" 28 U.S.C. § 2680(a); *Gasho v. United States*, 39 F.3d 1420, 1435 (9th Cir. 1994) (noting that the exception applies even where the conduct involves an intentional tort actionable under § 2680(h)). Because sovereign immunity implicates our jurisdiction, we consider whether this exception excludes these claims from the FTCA's waiver. *See Roberts v. United States*, 887 F.2d 899, 900 (9th Cir. 1989).

The agents' alleged conduct—reliance on unverified, false statements in investigating Kransky and reporting her to the Nursing Board—falls within the discretionary function exception.[2] *See Nieves Martinez v. United States*, 997 F.3d 867, 876 (9th Cir. 2021) (outlining two-part test). First, that conduct—assessing, summarizing, and reporting on information—is discretionary because it "involves

---

[1] VA-OIG agents are law enforcement officers under § 2680(h) because they are authorized to execute arrests. 28 U.S.C. § 2680(h); 5 U.S.C. §§ 406(f)(1), (f)(3).

[2] Although Kransky asserted at oral argument that additional discovery is needed on this issue, Kransky conceded that she already possessed the agents' letter. The relevant VA policies and regulations are also in the public record, and Kransky cited the applicable VA directive in her complaint.

an element of judgment or choice." *Berkovitz by Berkovitz v. United States*, 486 U.S. 531, 536 (1988). Second, the conduct involves the policy-grounded judgment "that the discretionary function exception was designed to shield." *Id.* at 536. Investigations, including the decision to report an employee to a state licensing board, require "officers to consider relevant political and social circumstances in making decisions about the [investigation's] nature and scope . . . ." *Sabow v. United States*, 93 F.3d 1446, 1453 (9th Cir. 1996). Here, the public policy goals were explicit: the VA's reporting guidelines required assessment of whether "substantial evidence supports a reasonable conclusion that" the employee "so significantly failed to meet . . . standards of clinical practice as to raise reasonable concern for the safety of patients or the community." VHA Directive 1100.18 §§ 4, 11(c), 13; *see also* 38 C.F.R. § 47.2; 63 F.R. 23664-01.

Finally, although Kransky alleges that the agents fabricated evidence, she adduces no facts that permit such an inference. *Cf. Myles v. United States*, 47 F.4th 1005, 1012–14 (9th Cir. 2022).

**AFFIRMED.**