# UNITED STATES *v.* OLSON ET AL.

No. 04–759.   Argued October 12, 2005—Decided November 8, 2005

BREYER, J., delivered the opinion for a unanimous Court.

*Deanne E. Maynard* argued the cause for the United States. With her on the briefs were *Solicitor General Clement, Assistant Attorney General Keisler, Deputy Solicitor General Kneedler, Mark B. Stern,* and *Dana J. Martin.*

*Thomas G. Cotter* argued the cause and filed a brief for respondents.

JUSTICE BREYER delivered the opinion of the Court.

The Federal Tort Claims Act (FTCA or Act) authorizes private tort actions against the United States "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U. S. C. § 1346(b)(1). We here interpret these words to mean what they say, namely, that the United States waives sovereign immunity "under circumstances" where local law would make a *"private person"* liable in tort. (Emphasis added.) And we reverse a line of Ninth Circuit precedent permitting courts in certain circumstances to base a waiver simply upon a finding that local law would make a "state or municipal entit[y]" liable. See, *e. g., Hines* v. *United States,* 60 F. 3d 1442, 1448 (1995); *Cimo* v. *INS,* 16 F. 3d 1039, 1041 (1994); *Cameron* v. *Janssen Bros. Nurseries, Ltd.,* 7 F. 3d 821, 825

(1993); *Aguilar* v. *United States,* 920 F. 2d 1475, 1477 (1990); *Doggett* v. *United States,* 875 F. 2d 684, 689 (1989).

## I

In this case, two injured mine workers (and a spouse) have sued the United States claiming that the negligence of federal mine inspectors helped bring about a serious accident at an Arizona mine. The Federal District Court dismissed the lawsuit in part upon the ground that their allegations were insufficient to show that Arizona law would impose liability upon a private person in similar circumstances. The Ninth Circuit, in a brief *per curiam* opinion, reversed this determination. It reasoned from two premises. First, where "'unique governmental functions'" are at issue, the Act waives sovereign immunity if "'a state or municipal entity would be [subject to liability] under the law [. . .] where the activity occurred.'" 362 F. 3d 1236, 1240 (2004) (citing *Hines, supra,* at 1448, and quoting *Doggett, supra,* at 689, and *Concrete Tie of San Diego, Inc.* v. *Liberty Constr., Inc.,* 107 F. 3d 1368, 1371 (CA9 1997)). Second, federal mine inspections being regulatory in nature are such "'unique governmental functions,'" since "there is no private-sector analogue for mine inspections." 362 F. 3d, at 1240 (quoting in part *Doggett, supra,* at 689). The Circuit then held that Arizona law would make "state and municipal entities" liable in the circumstances alleged; hence the FTCA waives the United States' sovereign immunity. 362 F. 3d, at 1240.

## II

We disagree with both of the Ninth Circuit's legal premises.

### A

The first premise is too broad, for it reads into the Act something that is not there. The Act says that it waives sovereign immunity "under circumstances where the United States, if a *private person,*" not "the United States, if a state

or municipal entity," would be liable.   28 U. S. C. § 1346(b)(1) (emphasis added).   Our cases have consistently adhered to this "private person" standard.   In *Indian Towing Co.* v. *United States,* 350 U. S. 61, 64 (1955), this Court rejected the Government's contention that there was "no liability for negligent performance of 'uniquely governmental functions.'"   It held that the Act requires a court to look to the state-law liability of private entities, not to that of public entities, when assessing the Government's liability under the FTCA "in the performance of activities which private persons do not perform."   *Ibid.*   In *Rayonier Inc.* v. *United States,* 352 U. S. 315, 318–319 (1957), the Court rejected a claim that the scope of FTCA liability for "'uniquely governmental'" functions depends on whether state law "imposes liability on municipal or other local governments for the negligence of their agents acting in" similar circumstances. And even though both these cases involved Government efforts to *escape* liability by pointing to the *absence* of municipal entity liability, we are unaware of any reason for treating differently a plaintiff's effort to *base* liability solely upon the fact that a State would impose liability upon a municipal (or other state governmental) entity.   Indeed, we have found nothing in the Act's context, history, or objectives or in the opinions of this Court suggesting a waiver of sovereign immunity solely upon that basis.

### B

The Ninth Circuit's second premise rests upon a reading of the Act that is too narrow.   The Act makes the United States liable "in the same manner and to the same extent as a private individual under *like circumstances.*"   28 U. S. C. § 2674 (emphasis added).   As this Court said in *Indian Towing,* the words "'like circumstances'" do not restrict a court's inquiry to the *same circumstances,* but require it to look further afield.   350 U. S., at 64; see also S. Rep. No. 1400, 79th Cong., 2d Sess., 32 (1946) (purpose of FTCA was to

make the tort liability of the United States "the same as that of a private person under like circumstance, in accordance with the local law"). The Court there considered a claim that the Coast Guard, responsible for operating a lighthouse, had failed "to check" the light's "battery and sun relay system," had failed "to make a proper examination" of outside "connections," had "fail[ed] to check the light" on a regular basis, and had failed to "repair the light or give warning that the light was not operating." *Indian Towing,* 350 U. S., at 62. These allegations, the Court held, were analogous to allegations of negligence by a private person "who undertakes to warn the public of danger and thereby induces reliance." *Id.,* at 64–65. It is "hornbook tort law," the Court added, that such a person "must perform his 'good Samaritan' task in a careful manner." *Ibid.*

The Government in effect concedes that similar "good Samaritan" analogies exist for the conduct at issue here. It says that "there are private persons in 'like circumstances'" to federal mine inspectors, namely, "private persons who conduct safety inspections." Reply Brief for United States 3. And other Courts of Appeals have found ready private person analogies for Government tasks of this kind in FTCA cases. *E. g., Dorking Genetics* v. *United States,* 76 F. 3d 1261 (CA2 1996) (inspection of cattle); *Florida Auto Auction of Orlando, Inc.* v. *United States,* 74 F. 3d 498 (CA4 1996) (inspection of automobile titles); *Ayala* v. *United States,* 49 F. 3d 607 (CA10 1995) (mine inspections); *Myers* v. *United States,* 17 F. 3d 890 (CA6 1994) (same); *Howell* v. *United States,* 932 F. 2d 915 (CA11 1991) (inspection of airplanes). These cases all properly apply the logic of *Indian Towing.* Private individuals, who do not operate lighthouses, nonetheless may create a relationship with third parties that is similar to the relationship between a lighthouse operator and a ship dependent on the lighthouse's beacon. *Indian Towing, supra,* at 64–65, 69. The Ninth Circuit should have looked for a similar analogy in this case.

## III

Despite the Government's concession that a private person analogy exists in this case, the parties disagree about precisely which Arizona tort law doctrine applies here. We remand the case so that the lower courts can decide this matter in the first instance. The judgment of the Ninth Circuit is vacated, and the case is remanded for proceedings consistent with this opinion.

*It is so ordered.*