**Leonard M. GRAY, Plaintiff— Appellant,**

v.

**DEPARTMENT OF JUSTICE; Michael B. Mukasey,\* Attorney General, United States Attorney; William W. Mercer, United States Attorney for Montana; Marcia Good Sept, Assistant United States Attorney for Montana; The Federal Bureau of Investigation; Kathryn Hug, Federal Bureau of Investigation Officer; Federal Bureau of Prisons; Harley G. Lappin, Director of the United States Bureau of Prisons; United States of America, Defendants—Appellees.**

No. 07–35171.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 9, 2008.

Filed April 25, 2008.

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Kirk D. Evenson, Marra, Wenz & Johnson, P.C., Antonia P. Marra, Esq., Marra Sexe Evenson & Bell PC, Great Falls, MT, for Plaintiff–Appellant.

Robert C. Grisham, Office of the U.S. Attorney, Boise, ID, for Defendants–Appellees.

Before: REINHARDT, TASHIMA, and McKEOWN, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## MEMORANDUM **

Leonard M. Gray's federal criminal convictions for engaging in a sexual act with a person under twelve years old and for committing a crime on an Indian reservation were overturned due to the prosecution's *Brady* violations. *See United States v. Gray*, 52 Fed.Appx. 945 (9th Cir.2002); *see also Brady v. State of Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The Assistant United States Attorney that prosecuted Gray's criminal case failed to turn over exculpatory evidence that she had received from FBI Agent Kathryn Anton regarding the alleged victim's mental state. After his conviction was overturned, Gray sued the United States, the Department of Justice, the United States Bureau of Prisons, and numerous individuals involved in his case, alleging *Bivens* and Federal Tort Claims Act ("FTCA") claims against them. *See* 28 U.S.C. §§ 1346(b)(1) and 2627, et seq.; *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The district court dismissed Gray's amended complaint, and Gray now appeals the dismissal of his FTCA claims.

The district court correctly found that all but Gray's claims against Agent Anton were excepted from the FTCA's waiver of sovereign immunity by the FTCA's discretionary function, malicious prosecution, and wrongful imprisonment exceptions. *See* 28 U.S.C. § 2680(a), (h). Because Agent Anton is a law enforcement officer, and because Gray alleges she had a non-discretionary duty to turn the exculpatory evidence over to the defense, these exceptions do not apply to the claims against her. *See* 28 U.S.C. § 2680(h). Neverthe-

less, we conclude that these claims were properly dismissed.

The United States only waives sovereign immunity via the FTCA "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *see also United States v. Olson*, 546 U.S. 43, 45–46, 126 S.Ct. 510, 163 L.Ed.2d 306 (2005). The Act provides that the United States is liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Whether the United States is liable for the actions of Agent Anton, then, turns on whether a private person would be liable for analogous behavior under Montana law. *See Olson*, 546 U.S. at 46–47, 126 S.Ct. 510.

Gray claims that Anton's failure to turn over the exculpatory evidence of the victim's mental state to the defense violated his right to due process under the Montana State Constitution. We need not decide whether a constitutional tort exists against a private party for violation of the Montana Constitution's Due Process Clause, because Agent Anton's actions did not violate that clause, in any event.

The Supreme Court of Montana has held that "it is appropriate that state rules respecting due process principles be in harmony with the federal rules on the same subject, in the same area." *In the Matter of M.D.Y.R.*, 177 Mont. 521, 582 P.2d 758 (Mont.1978). More recently, in *State v. McCaslin*, 322 Mont. 350, 96 P.3d 722 (2004), the court held that "textually, the due process clauses of the United States and Montana Constitutions are identical," and relied on United States Supreme Court law to hold that a jury instruction did not violate the Montana Constitution's Due Process Clause. *Id.* at 356, 96 P.3d 722. Taken together, these case instruct that Montana's Due Process Clause is coextensive with that of the United States.

■ The question, then, is how to characterize Agent Anton's conduct. *Brady*, itself, did not deal with law enforcement officers, holding only that *prosecutors* violate due process by failing to turn over exculpatory evidence. *Brady*, 373 U.S. at 87, 83 S.Ct. 1194. We have since clarified the application of *Brady* to law enforcement officers, holding that once the officer turns the evidence over to the prosecutor, her duty is complete and due process satisfied. *Broam v. Bogan*, 320 F.3d 1023, 1033 (9th Cir.2003). Thus, even as a state actor, Agent Anton's actions met the requirements of the Due Process Clause of the United States Constitution, and, therefore, of the Montana Constitution's Due Process Clause as well. *See, In the Matter of M.D.Y.R.*, 177 Mont. at 532, 582 P.2d 758 (noting that Montana is within the Ninth Circuit, and relying on Ninth Circuit precedent to inform its construction of the Montana State Constitution's Due Process Clause). Gray has cited nothing that imposes a greater duty on a private actor than a state actor. *A fortiori*, a private person acting analogously to Agent Anton would not violate the Montana Constitution's Due Process Clause.

■ To the extent that Gray alleges a negligence claim based on Agent Anton's actions, that claim also fails. While the complaint alleges that Agent Anton had a "well established" duty to turn the exculpatory evidence over to Gray directly, Gray nowhere articulates the basis for this assertion. Without more, the bare assertion that a duty exists is not sufficient to sustain a negligence claim. Montana law providing that every injury has a remedy does not alter this outcome; whether a legal injury has occurred depends entirely on whether a legal duty has been breach-

ed. Without a duty, there can be no legal injury.

AFFIRMED.

* The Honorable Daniel M. Friedman, United States Senior Circuit Judge for the Federal Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.