Joseph OLSON, husband; Monica Olson, wife; Javier Vargas, a single man; Amparo Villanueva, surviving spouse of Jose Villanueva, for and on behalf of Martha Holgun; Maria Villanueva; Patricia Gonzales, Jose Villanueva, Jr.; Amparo Mata; Veronica Villanueva; Alejandro C. Villanueva, Plaintiffs—Appellants,

v.

**UNITED STATES of America,**
**Defendant—Appellee.**

No. 07–17115.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 22, 2008.

Filed Dec. 29, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Thomas G. Cotter, Esquire, Haralson Miller Pitt Feldman & Mcanally, PLC, Tucson, AZ, for Plaintiff–Appellant.

**362**

Robin D. Smith, Esquire, Mark B. Stern, Sarang Vijay Damle, Esquire, U.S. Department of Justice, Washington, DC, for Defendants–Appellees.

Before: HUG, BRUNETTI and CLIFTON, Circuit Judges.

## MEMORANDUM *

Plaintiffs Joseph and Monica Olson, Javier Vargas, and Amparo Villanueva appeal the district court's dismissal of their Federal Tort Claims Act ("FTCA") suit pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). They contend that the district court erred by finding that the discretionary function exception to the FTCA barred the action, and that Arizona would not impose tort liability on a private person in similar circumstances.[1] Plaintiffs maintain that the government should be liable for two specific actions: (1) Mineral Safety and Health Administration ("MSHA") Field Office Supervisor James Kirk's failure to evaluate six anonymous safety complaints; and (2) MSHA Inspector Alan Varland's failure to inspect the Mission Mine in its entirety. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.

Each side supported its respective argument for or against dismissal with materials beyond the pleadings. By considering these materials, the district court transformed the motion to dismiss into a "speaking motion" that should have been treated as a motion for summary judgment. See Fed.R.Civ.P. 12(d); *Black v. Payne*, 591 F.2d 83, 89 (9th Cir.1979).

We therefore review the district court's order as a grant of summary judgment on the merits rather than a dismissal. See *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1040 (9th Cir.2004). A motion for summary judgment is reviewed de novo. See *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir.2004). District court interpretations of state law are also reviewed de novo. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir.1988).

The FTCA waives the federal government's sovereign immunity for the torts of its employees "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). However, this waiver of sovereign immunity does not apply when the government performs a "discretionary function," 28 U.S.C. § 2680(a), even if such discretion is abused. *Terbush v. United States*, 516 F.3d 1125, 1129 (9th Cir.2008). The discretionary function exception only shields the government from liability if the action at issue: (1) involves an "element of judgment or choice"; and (2) is grounded in "social, economic, or political policy." *Id.*; see *Berkovitz v. United States*, 486

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Plaintiffs also assert that the district court's reconsideration of discretionary immunity violated the rule of mandate and the law of the case. The rule of mandate did not bar reconsideration because the Supreme Court's decision in *United States v. Olson*, 546 U.S. 43, 126 S.Ct. 510, 163 L.Ed.2d 306 (2005) did not

expressly or impliedly resolve the issue. See *United States v. Kellington*, 217 F.3d 1084, 1092–94 (9th Cir.2000). The law of the case doctrine is also inapplicable because the Court vacated our decision in *Olson v. United States*, 362 F.3d 1236 (9th Cir.2004), thereby depriving that decision of precedential effect. See *O'Connor v. Donaldson*, 422 U.S. 563, 577 n. 12, 95 S.Ct. 2486, 45 L.Ed.2d 396 (1975).

U.S. 531, 536–37, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988). The government bears the burden of proving that the discretionary function exception applies to *each* allegedly negligent act. *See GATX/Airlog Co. v. United States,* 286 F.3d 1168, 1174 (9th Cir.2002).

■ Regarding Supervisor Kirk's actions, the MSHA's *General Inspection Procedures Handbook* requires that *"all* complaints of alleged hazards ... *must* be *evaluated."* General Inspection Procedures Handbook (April 1989), at 28 (emphases added). We conclude as a matter of law that this plain language required Kirk to evaluate each of the six anonymous complaints. However, genuine disputed issues of material fact exist as to whether Kirk actually evaluated each of the six complaints; therefore, the fact finder should make this determination.

■ Inspector Varland's actions are governed by the Mine Safety and Health Act, which directs the MSHA to "make inspections of each underground coal or other mine *in its entirety* at least four times a year." 30 U.S.C. § 813(a) (emphasis added). The purpose of these inspections is twofold: (1) "determining whether an imminent danger exists"; and (2) "determining whether there is compliance with the [Act's] mandatory health or safety standards...." *Id.* This plain language imposes a mandatory duty on the MSHA to monitor the mine, as a whole, for safety compliance. However, the MSHA has the authority to interpret the scope of its statutory obligation to make these determinations. *See, e.g., Gonzales v. Oregon,* 546 U.S. 243, 255, 126 S.Ct. 904, 163 L.Ed.2d 748 (2006) ("Executive actors often most interpret the enactments Congress has

charged them with enforcing and implementing.")

In conformance with its statutory duty to monitor the entire mine, the MSHA narrowed its discretionary ability to "determine" into mandatory standards for its inspectors, which obviate the need to physically inspect every square inch of a mine. MSHA's *Coal General Inspection Procedures 1995 Handbook* imposed a non-discretionary duty on inspectors to inspect: "1) every working area in the mine ...; 2) entrances to abandoned workings; 3) accessible old workings, as safety permits; ... [and] 6) other places where miners work and travel."[2] *See Bolt v. United States,* 509 F.3d 1028, 1032 (9th Cir.2007). Viewing the record in the light most favorable to the plaintiffs, summary judgment was inappropriate because there are genuine issues of material fact regarding whether Varland's inspection fulfilled this duty. *See Wallis v. Baldwin,* 70 F.3d 1074, 1076 (9th Cir.1995).

As for the issue of which state tort law doctrine applies to this case, Arizona has adopted the Restatement (Second) of Torts § 324A (1965) (" § 324A"). *See, e.g., Diggs v. Arizona Cardiologists, Ltd.,* 198 Ariz. 198, 8 P.3d 386, 390 (Ariz.Ct.App. 2000); *Papastathis v. Beall,* 150 Ariz. 279, 723 P.2d 97, 100 (Ariz.Ct.App.1986). Section 324A provides:

One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if

---

2. Robert M. Friend, former Deputy Assistant Secretary for the MSHA, indicated that other areas of a mine may be "specifically required for inspection ... under the particular conditions and circumstances of each mine."

(a) his failure to exercise reasonable care increases the risk of such harm, or

(b) he has undertaken to perform a duty owed by the other to the third person, or

(c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

Arizona courts treat both the undertaking to render services that imposes a duty and the subsections necessary to establish liability as factual inquiries. *See Diggs*, 8 P.3d at 388, 390–91.

■■ Viewing the evidence in the light most favorable to the plaintiffs, we conclude that Kirk's evaluation and Varland's inspection constitute an undertaking to render services. *See Professional Sports, Inc. v. Gillette Sec., Inc.*, 159 Ariz. 218, 766 P.2d 91, 94–95 (Ariz.Ct.App.1988); *Papastathis*, 723 P.2d at 100. Summary judgment is inappropriate because genuine disputed issues of material fact remain as to whether the miners' reliance is sufficient to trigger liability under § 324A(c). Based on this conclusion, we do not address the applicability of subsections (a) and (b).

We REVERSE the district court's order and REMAND for proceedings in conformance with this memorandum disposition.