ROGERS, Circuit Judge,
concurring in part:
The court is in agreement that the claim of Hornbeck Offshore Transportation, LLC (“Hornbeck”) for damages under the Federal Tort Claims Act (“FTCA”) must fail because the duties assumed by the United States under the relevant federal statute and U.S. Coast Guard regulations lack a local analogue under District of Columbia law. Torts under District of Columbia law for negligent undertaking and intentional interference with a chattel do not support the alleged violations of which Hornbeck complains. See Op. at 510-12. I write, therefore, only to point out that neither Supreme Court nor this court’s precedent holds that an FTCA claim is viable only if it exists entirely independently from federal statutory or regulatory duties. See United States v. Olson, 546 U.S. 43, 126 S.Ct. 510, 163 L.Ed.2d 306 (2005); Art Metal-USA Inc. v. United States, 753 F.2d 1151 (D.C.Cir.1985). To the extent the court suggests otherwise, it goes, unnecessarily, beyond precedent.
The FTCA provides that “The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest *513 prior to judgment or for punitive damages.” 28 U.S.C. § 2674. See also id. § 1346(b)(1) (authorizing private tort actions against the United States “under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the laws of the place where the act or omission occurred”). Thus, in Art Metal, this court held that the FTCA will recognize liability for violations of federal law only if “the duties set forth in the federal law are analogous to those imposed under local tort law.” Art Metal, 753 F.2d at 1158; Op. at 510. In other words, federal statutes and regulations are not irrelevant to the inquiry and may provide “evidence that the government has assumed duties analogous to those recognized by local tort law,” Art Metal, 753 F.2d at 1158, and/or “the standard of care against which the government’s conduct should be assessed,” id. at 1159. The court observed that such evidence may even result in the conclusion that the violation constituted negligence per se under local law. Id.
This approach is consistent with the Supreme Court’s repeated admonition to lower courts not to look for exact analogues in the FTCA context, but rather to look “further afield,” Olson, 546 U.S. at 46, 126 S.Ct. 510, for similar, rather than identical, torts as “the words ‘like circumstances’ do not restrict a court’s inquiry to the same circumstances,” id. (citing Indian Towing Co. v. United States, 350 U.S. 61, 64, 76 S.Ct. 122, 100 L.Ed. 48 (1955)). See also Rayonier, Inc. v. United States, 352 U.S. 315, 318-319, 77 S.Ct. 374, 1 L.Ed.2d 354 (1957). In Olson, the Supreme Court discussed Indian Towing and explained, “[pjrivate individuals, who do not operate lighthouses, nonetheless may create a relationship with third parties that is similar to the relationship between a lighthouse operator and a ship dependent on the lighthouse’s beacon.” 546 U.S. at 47, 126 S.Ct. 510 (citing Indian Towing, 350 U.S. at 64-65, 69, 76 S.Ct. 122). Consistent with this instruction, the proper understanding of the dispositive consideration in Art Metal was not that the duty violated existed only under federal law, but rather that the court could not identify, nor had the plaintiff proffered, an analogous duty under local law. Despite a lengthy discussion of the relationship between the FTCA requirement that federal legal duties correspond to some local law, Art Metal, 753 F.2d at 1156-59, the court’s decisive analysis appears when it examines the proffered local analogues and finds none viable. Id. at 1159.
The court’s emphasis today on the Coast Guard’s violation of a federal law, Op. Part II.A, is therefore misplaced. The question of whether the Coast Guard violated federal law was decided in Hornbeck Offshore Transp., LLC v. U.S. Coast Guard, 424 F.Supp.2d 37 (D.D.C.2006). The question now before this court is whether there is an analogue under District of Columbia law to the duties imposed on the Coast Guard under the federal statute and regulations: if there is, then Hornbeck may be able to recover the damages it seeks; if there is not, it cannot. Yet the court would reject Hornbeck’s appeal on the different ground that “the only basis for Hornbeck’s claim is a federal statute, not any state or local law.” Op. at 509. The court here thus appears to imply an exception for actions that are uniquely governmental. But, as the court notes in Part II.B, Op. at 510, the Supreme Court has rejected the notion of an automatic exception to FTCA liability for “unique governmental functions,” Olson, 546 U.S. at 45, 126 S.Ct. 510, and in Olson specifically rejected as “too narrow,” id. at 46, 126 S.Ct. 510, the Ninth Circuit’s premise that “federal mine inspections being regulatory in nature are such unique governmental functions, since there is no private sector analogue for mine inspections,” id. at 45, *514 126 S.Ct. 510 (internal quotations omitted). See also Rayonier, 352 U.S. at 318-319, 77 S.Ct. 374; Indian Towing, 350 U.S. 61, 64, 76 S.Ct. 122, 100 L.Ed. 48 (1955). The Court then cited with approval cases where five circuit courts of appeals analyzed proffered local tort analogues. Olson, 546 U.S. at 47, 126 S.Ct. 510 (citing Dorking Genetics v. United States, 76 F.3d 1261 (2nd Cir.1996); Florida Auto Auction of Orlando, Inc. v. United States, 74 F.3d 498 (4th Cir.1996); Ayala v. United States, 49 F.3d 607 (10th Cir.1995); Myers v. United States, 17 F.3d 890 (6th Cir.1994); Howell v. United States, 932 F.2d 915 (11th Cir.1991)). Further, in each of the cases this court now cites for the proposition that “[i]t is virtually axiomatic that the FTCA does not apply where the claimed negligence arises out of the failure of the United States to carry out a [federal] statutory duty in the conduct of its own affairs,” Op. at 509 (alterations in original) (citing Sea Air Shuttle Corp. v. United States, 112 F.3d 532 (1st Cir.1997); United States v. Agronics, Inc., 164 F.3d 1343 (10th Cir.1999); Johnson v. Sawyer, 47 F.3d 716 (5th Cir.1995) (en banc)), the courts considered and rejected the proffered tort analogues inasmuch as there could be no automatic exemption for uniquely governmental functions, see Sea Air Shuttle, 112 F.3d at 536; Agronics, 164 F.3d at 1346; Johnson, 47 F.3d at 728-738. In any event, these decisions predate Olson, which represents the Supreme Court’s most recent exhortation of the relevant law in this area.
Because the salient point is that the federal duties at issue are not analogous to the duties under District of Columbia law on which Hornbeck relies, I would affirm the judgment for the United States not because Hornbeck suffered an injury under a federal statute, but rather because Hornbeck failed to proffer a local tort analogue that was sufficiently analogous to the Coast Guard’s unlawful conduct. While the fact that the Coast Guard was “carry[ing] out a [federal] statutory duty in the conduct of its own affairs” might raise a red flag that a viable local analogue will not exist, “the pertinent inquiry is whether the duties set forth in the federal law are analogous to those imposed under local tort law.” Op. at 510; Olson, 546 U.S. at 47, 126 S.Ct. 510; Art Metal, 753 F.2d at 1159. On this point, and on the point that Hornbeck has identified no local analogue to the Coast Guard’s duties at issue, Op. at 510-12, there is unanimity.