# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1205

_____

Dirk Askew; Beulah Askew,

*Plaintiffs - Appellees*,

v.

United States of America,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 8, 2014
Filed: May 26, 2015

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Dirk Askew is a veteran of the United States Armed Services and a former employee of the United States Postal Service. In February 2009, Askew underwent a cardiac stent placement at the John Cochran Veterans Administration Medical Center in St. Louis. He was readmitted later in the month with an infection, and it is uncontested that the medical center responded negligently. As a result of the

infection and attendant loss of blood, Askew suffered severe anoxic brain injury and the amputation of his right leg. Askew and his wife later sued the government in the district court under the Federal Tort Claims Act.

The United States did not dispute liability, and the case was tried to the court on damages. Askew and his wife sought non-economic, economic, and medical damages. One component of the requested award was future medical damages, designed to compensate Askew for medical expenses that he would incur after the judgment. The government requested that the court structure these future medical damages as a reversionary trust by providing for periodic payments from the trust to Askew and a reversionary interest in favor of the United States. Under that approach, any unspent funds upon Askew's death would revert to the United States.

The district court declined to order a reversionary trust, reasoning that the government had failed to show that it was in the best interests of the injured party. The district court awarded $253,667 in past economic damages, $525,000 in past non-economic damages, $4,000,000 in future economic damages, and $2,000,000 in future non-economic damages to Dirk Askew. The court awarded $1,525,000 to Askew's wife for loss of consortium. The United States appeals, arguing that the district court erred by failing to itemize future medical damages and by refusing to create a reversionary trust for the award of future medical damages. For the reasons that follow, we vacate the judgment and remand for further proceedings.

The Federal Tort Claims Act operates as a limited waiver of sovereign immunity for the United States. Under the Act, the United States may be held liable for certain tort claims "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. The "law of the place where the act or omission occurred" determines whether the United States would be liable as a private individual. 28 U.S.C. § 1346(b)(1). In determining how a private party would be treated in "like circumstances," a court may apply the "most reasonable

analogy" to the applicable state statute. *Lozada ex rel. Lozada v. United States*, 974 F.2d 986, 988-89 (8th Cir. 1992); *see generally United States v. Olson*, 546 U.S. 43, 46-47 (2005).

Under the Missouri law that governs a medical negligence action against a private individual in circumstances like those at issue here, a court is required to itemize what portion of future economic damages constitutes "future medical damages." Mo. Rev. Stat. § 538.215.1. Where the total damages award exceeds $100,000, the court, upon the request of any party, "shall include in the judgment a requirement that future damages be paid in whole or in part in periodic or installment payments." *Id*. § 538.220.2. The court is required to create a "periodic payment schedule" for future medical damages. *Id*. § 538.220.2. If the plaintiff dies, periodic payments of future medical expenses continue "only for as long as necessary to enable the estate to satisfy medical expenses of the judgment creditor that were due and owing at the time of death." *Id.* § 538.220.5.

The district court could not strictly apply the periodic payment scheme of § 538.220 to the federal government, because sovereign immunity prevents the imposition of ongoing obligations like continuing payments. The waiver for "money damages" granted by the Federal Tort Claims Act allows only lump-sum money judgments. *See Lee v. United States*, 765 F.3d 521, 529 (5th Cir. 2014); *Frankel v. Heym*, 466 F.2d 1226, 1228-29 (3d Cir. 1972).

But to best approximate the results contemplated by the Missouri statutes, the district court should have specified Askew's future medical damages, created a reversionary trust to hold those funds, and ordered periodic payments of future medical damages from the trust, with the corpus of the trust to revert to the United States upon Askew's death. This remedy—endorsed by several circuits in comparable circumstances—would require the government to pay Askew's future medical damages, but would avoid unjustly enriching Askew's heirs with such

moneys after his death. *See Lee*, 765 F.3d at 526-29; *Cibula v. United States,* 664 F.3d 428, 435 (4th Cir. 2012); *Dutra v. United States*, 478 F.3d 1090, 1091-92 (9th Cir. 2007); *Hill v. United States*, 81 F.3d 118, 121 (10th Cir. 1996). The use of a reversionary trust would allow the court to hold the United States liable to the same extent as a private individual under "like circumstances."

The district court, citing decisions of the Tenth Circuit, thought a reversionary trust was inappropriate because it was not in Askew's "best interest." The governing standard under the statute, however, is whether the government is held liable to the same extent as a private individual under like circumstances. While it may be in Askew's best interest for his heirs to receive "future medical damages" after Askew dies, that remedy does not best approximate the liability of a private party in like circumstances. The Tenth Circuit applied the "best interests" standard in situations where state law did not require courts to structure certain damages in the form of periodic payments that would cease upon the plaintiff's death. *See Hill*, 81 F.3d at 121; *Hull by Hull v. United States*, 971 F.2d 1499, 1505 (10th Cir. 1992). The Fifth Circuit's rejection of a reversionary trust in *Vanhoy v. United States*, 514 F.3d 447 (5th Cir. 2008), also provides no reason to eschew that remedy here. The state statute at issue in *Vanhoy*—unlike the Missouri periodic payment scheme—required that future medical damages be paid out of a state compensation fund "as those charges are incurred" and "for as long as care is required," so a reversionary trust could not afford like treatment. *Id*. at 451-53; *see Lee*, 765 F.3d at 528-29.

Under Missouri law, a trial court may "consider the needs of the plaintiff and the facts of the particular case in deciding what portion of future medical damages will be paid in a lump sum and what portion will be paid out over a periodic payment schedule that accords with the parameters set out in the statute." *Watts v. Lester E. Cox Med. Ctrs.*, 376 S.W.3d 633, 647 (Mo. 2012) (en banc). On remand, therefore, the district court first should specify what amount of future economic damages are future medical damages, in accordance with § 538.215.1. Once that amount is

-4-

specified, the court should determine what portion, if any, will be paid in a lump sum, and what portion will be placed in a reversionary trust for periodic payment to Askew.

The Askews express concern that a reversionary trust would be insufficient to compensate Askew for his future medical expenses. They urge that the statutory interest rate prescribed for future periodic payments is inconsistent with the rate of investment at which the government's expert opined that funds could be invested, so the award when reduced to present value would not cover Askew's future medical expenses. Under Missouri law, however, a trial court should establish a periodic payment schedule that ensures that the plaintiff will receive the benefit of the award for future medical care. *Watts*, 376 S.W.3d at 648. The district court thus may recognize that "use of an inconsistent future damages interest rate" could deprive the plaintiff of the full value of the award. *Id*. The court also may account for medical inflation and administrative costs of the trust in making the award.

The Askews also object that a trust remedy would subject them to risk that there would be insufficient funds to meet each periodic payment if the trustee makes imprudent investment decisions or if investments generate a lower rate-of-return than what the district court projects in calculating the award. But the district court may minimize such risk by selecting a capable trustee and by applying a conservative projected rate-of-return when calculating the damages award to be placed in the trust. Although underperformance is a risk, a plaintiff proceeding against a private individual faces a related risk that the defendant would be unable to meet future periodic payments due to market conditions or financial insolvency. The reversionary trust remedy is still the most reasonable analogy to the relief available against a private individual in like circumstances under Missouri law.

The Askews raise additional administrative concerns about a remedy that includes a reversionary trust. We are confident, however, that the district court can

identify and appoint an appropriate trustee and establish a mandatory payment schedule that will cabin the trustee's discretion.  If the trustee fails to perform, then the court may intervene as necessary.

We vacate the judgment of the district court and remand for further proceedings consistent with this opinion.

————————————————