15-1557
Fanning v. National Grid/Keyspan

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand sixteen.

PRESENT:
> **DENNIS JACOBS,**
> **BARRINGTON D. PARKER,**
> **REENA RAGGI,**
> > *Circuit Judges.*

_____

**Francis P. Fanning,**

> *Plaintiff-Appellant*,

> **v.**         15-1557

**National Grid/Keyspan,**

> *Defendant-Appellee*.

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Francis P. Fanning, pro se, Larchmont, NY. |
| **FOR DEFENDANT-APPELLEE:** | Justin F. Capuano (with James G. Ryan, *on the brief*), Cullen and Dykman LLP, Garden City, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kuntz, *J.*; Bloom, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Francis P. Fanning, pro se, appeals from a judgment in favor of KeySpan Corporation ("Keyspan"), a wholly owned subsidiary of National Grid USA, in his suit under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) *et seq*. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Leibowitz v. Cornell Univ.*, 445 F.3d 586, 590 (2d Cir. 2006) (internal quotation marks omitted). A plaintiff must allege sufficient facts to state a claim to relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In this Circuit, pro se complaints should not be dismissed by the district court without granting leave to amend at least once when a liberal reading of the complaint gives "any indication" that a valid claim might be stated. *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (citation omitted). However, a district court need not grant leave to amend if amendment would be "futile." *See, e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). We review a district court's denial of leave to amend for abuse of discretion, unless "the denial of leave to amend is based on a legal interpretation, such as a determination that amendment would be

futile," in which case we review the denial de novo. *Smith v. Hogan*, 794 F.3d 249, 253 (2d Cir. 2015).

The district court properly dismissed Fanning's FTCA claims. The FTCA does not create a cause of action against private entities; it simply waives the federal government's sovereign immunity for torts committed by its employees in circumstances in which a private individual would be liable. *United States v. Olson*, 546 U.S. 43, 44 (2005); *see also* 28 U.S.C. § 1346(b)(1). Moreover, the allegedly fraudulent activity that formed the nucleus of Fanning's complaint happened between 1998 and 2005, well beyond the FTCA's two-year statute of limitations for filing an administrative claim. *See* 28 U.S.C. § 2401(b).

The district court denied Fanning's motion for leave to amend. Under Federal Rule of Civil Procedure 15(a)(1)(A), a "party may amend its pleading once as a matter of course within . . . 21 days after serving it." Fed. R. Civ. P. 15(a)(1)(A). Since Fanning moved for leave to amend on June 25, 2014, within 21 days of having served KeySpan on June 5, 2014, Fanning was "entitled to amend [his] complaint as a matter of right without leave of the district court." *See In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008). Any error, however, was harmless because any claims Fanning could have brought under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, or Sarbanes-Oxley, 15 U.S.C. §§ 7201 *et seq.*, (or under the Securities Exchange Act, 15 U.S.C. §§ 78a *et seq.*, for enforcement of Sarbanes-Oxley's disclosure requirements) would have been barred by the statutes of limitations. *See* 29 U.S.C. § 1113 (six-year statute of limitations from the time of discovery of ERISA breach of fiduciary duty involving "fraud or concealment"); 28 U.S.C. § 1658(b) (two-year statute of limitations from the time of discovery of "fraud, deceit, manipulation, or contrivance in

3

contravention of a regulatory requirement concerning the securities laws"); *LC Capital Partners, LP v. Frontier Ins. Group, Inc.*, 318 F.3d 148, 154 (2d Cir. 2003) (observing that pre-Sarbanes-Oxley statute of limitations was one year after discovery of facts constituting the violation); *see also* 15 U.S.C. § 7202(b)(1) (violations of Sarbanes-Oxley treated the same as violations of Securities Exchange Act). None of the allegedly fraudulent transactions of which Fanning complains occurred after 2005. Moreover, he alleges that he knew of the allegedly fraudulent activity as early as 2002, when he was forced into retirement for confronting KeySpan officials about it.

We have considered Fanning's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk