
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN WINTERS, | 14-16460 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-00834-KJM-KJN |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted July 5, 2016[**]
San Francisco, California

Before: SILVERMAN and NGUYEN, Circuit Judges, and GARBIS, Senior
District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Marvin J. Garbis, Senior United States District Judge for the District of Maryland, sitting by designation.

John Winters appeals the decision of the district court granting summary judgment to the United States. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Winters was injured when he was thrown from his motorcycle after hitting a pothole in Eldorado National Forest. He sued the United States Department of Agriculture's Forest Service under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2674, alleging negligent road maintenance. The district court granted summary judgment to the United States on the basis that California Civil Code § 846 creates immunity for any person that allows others to enter and use private land for recreational use free of charge.

Reviewing the district court's decision de novo, *Oyama v. Univ. of Hawaii*, 813 F.3d 850, 860 (9th Cir. 2015), we agree that under the FTCA, the federal government must be treated as a private person, not a public entity, and is therefore, immune. *See, e.g.*, *United States v. Olson*, 546 U.S. 43, 45-46 (2005) (holding that the United States' liability under the FTCA is to be based on the state law liability of a private party, not of a state or municipal entity). The immunity applies to highways through national forests. *Mattice v. U.S. Dep't of Interior*, 969 F.2d 818, 821 (9th Cir. 1992).

One exception to this immunity is when a landowner willfully or maliciously fails to act on a dangerous condition or warn about its existence or nature. Cal. Civ. Code § 846. However, since the parties stipulated that there was no evidence of willful or malicious conduct, the exception does not apply here.

**AFFIRMED**.