**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GARRY DAVID GALLARDO,

Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

Defendant-Appellee.

No. 15-17192

D.C. No. 4:14-cv-02260-RCC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief Judge, Presiding

Submitted December 14, 2016[**]

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Federal prisoner Garry David Gallardo appeals pro se from the district

court's summary judgment in his Federal Tort Claims Act ("FTCA") action

alleging negligence related to a slip and fall accident in a federal prison in

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, Gallardo's request for oral argument is denied.

Kentucky. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because Gallardo failed to raise a genuine dispute of material fact as to whether his alleged fall exacerbated his knee condition or caused him injury, and he did not provide any evidence as to causation. *See Readnour v. Gibson*, 452 S.W.3d 617, 620 (Ky. 2014) (setting forth elements of common-law negligence claim, including "legal causation between the defendant's breach and the plaintiff's injury"); *see also United States v. Olson*, 546 U.S. 43, 45-46 (2005) (holding that the United States' liability under the FTCA is to be based on the state law liability of a private party). Contrary to Gallardo's contention, the district court did not err in failing to construe his opposition to the United States' summary judgment motion as a motion for further discovery under Federal Rule of Civil Procedure 56(d) because Gallardo did not request any discovery.

The district court did not abuse its discretion in striking Gallardo's "Motion for Court to Exercise Supplemental Jurisdiction" because this FTCA action is not the proper vehicle for Gallardo to challenge the validity of his underlying criminal conviction. *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 403-04 (9th

15-17192

Cir. 2010) (applying abuse of discretion standard when reviewing district court's exercise of inherent power to control docket and strike motion).

Gallardo's request for judicial notice, filed on October 7, 2016, is denied.

**AFFIRMED.**