NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 6 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVEN JONES, AKA Steven Dean Jones, <br><br> Petitioner-Appellant, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants-Appellees. | No. 15-55267 <br><br> D.C. No. 2:11-cv-02242-DOC-SP <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted September 26, 2017[**]

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Federal prisoner Steven Jones, AKA Steven Dean Jones, appeals pro se from

the district court's judgment in his action brought under *Bivens v. Six Unknown*

*Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the

Federal Tort Claims Act ("FTCA"). We have jurisdiction under 28 U.S.C. § 1291.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review de novo. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc) (legal rulings on exhaustion); *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011) (cross-motions for summary judgment). We affirm in part, vacate in part, and remand.

The district court properly granted summary judgment on Jones's FTCA negligence claim against the United States because Jones failed to raise a genuine dispute of material fact as to whether the United States failed to exercise reasonable care in providing suitable quarters. *See* 18 U.S.C. § 4042(a)(2) (requiring the Bureau of Prisons to "provide suitable quarters and provide for the safekeeping, care, and subsistence of all [prisoners]"); *United States v. Olson*, 546 U.S. 43, 45-46 (2005) (liability under the FTCA is to be based on the state law liability of a private party); *Hayes v. County of San Diego*, 305 P.3d 252, 255 (Cal. 2013) (setting forth elements of a negligence claim under California law).

The district court properly denied Jones's motion for partial summary judgment on Jones's FTCA claims arising from his placement and retention in a secure housing unit because they were not included in Jones's administrative claim to the Bureau of Prisons. *See* 28 U.S.C. § 2675(a) (a party must file an administrative claim before filing an action under the FTCA); *Brady v. United*

15-55267

*States*, 211 F.3d 499, 502 (9th Cir. 2000) ("The requirement of an administrative claim is jurisdictional.").

The district court granted defendants' motion to dismiss for failure to exhaust administrative remedies Jones's *Bivens* claims. However, the district court did not have the benefit of our recent decision in *McBride v. Lopez*, 807 F.3d 982 (9th Cir. 2015), where we held that "the threat of retaliation for reporting an incident can render the prison grievance process effectively unavailable." *See id.* at 987; *see also Ross v. Blake*, 136 S. Ct. 1850, 1856, 1860 (2016) (explaining that proper administrative exhaustion under the Prison Litigation Reform Act is mandatory, but may not be required when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation"). We vacate the judgment to the extent that it dismissed Jones's *Bivens* claims, and remand for further proceedings on these claims.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**