# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1145
_____

Autumn Hilger

*Plaintiff - Appellant*

v.

United States of America

*Defendant - Appellee*
_____

Appeal from United States District Court
for the District of South Dakota - Western
_____

Submitted: October 18, 2023
Filed: December 6, 2023
_____

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.
_____

SHEPHERD, Circuit Judge.

Following a slip-and-fall at the Mount Rushmore National Memorial, Autumn Hilger sued the Government for negligence. The district court[1] dismissed her claims for lack of subject matter jurisdiction, applying the discretionary-function exception

_____

[1]The Honorable Roberto A. Lange, Chief Judge, United States District Court for the District of South Dakota.

to the Federal Tort Claims Act (FTCA). Having jurisdiction over the district court's final order under 28 U.S.C. § 1291, we affirm.

## I.

In November 2020, Hilger visited the Mount Rushmore National Memorial. The Memorial is operated by the National Park Service (NPS), which is an agency within the United States Department of the Interior. At the time of her visit, the entrance and walkway to the monument were under renovation. In place of the walkway, the NPS had installed a temporary access mat over an adjacent dirt path. Hilger slipped on this mat and fell when returning to the parking lot, breaking her wrist.

Hilger filed an administrative claim under the FTCA seeking $2 million for her injuries. After the Government denied her claim, she sued, alleging that the NPS negligently installed and maintained the access mat and failed to warn of its danger. The district court granted the Government's motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), reasoning that the discretionary-function exception to the FTCA applied. Hilger now appeals that dismissal.

## II.

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges a court's subject-matter jurisdiction." Two Eagle v. United States, 57 F.4th 616, 620 (8th Cir. 2023). The plaintiff bears the burden of establishing subject matter jurisdiction. Herden v. United States, 726 F.3d 1042, 1046 (8th Cir. 2013) (en banc). "When the moving party makes a factual attack on the court's subject-matter jurisdiction, as the [Government did] here, the district court may look outside the pleadings and weigh evidence." Two Eagle, 57 F.4th at 620. "We review the district court's resolution of factual disputes for clear error and its decision on whether it lacks subject-matter jurisdiction *de novo*." Id.

The FTCA is a limited waiver of the Federal Government's sovereign immunity, and the discretionary-function exception is itself an exception to that waiver. Buckler v. United States, 919 F.3d 1038, 1044 (8th Cir. 2019). "The discretionary-function exception precludes suit against the government for harm caused by a government employee's acts if those acts are subject to discretion that is 'grounded in social, economic, and political policy.'" Id. (citation omitted). We use a two-step test to determine whether the discretionary-function exception applies. Id. at 1045. "The first inquiry is whether the challenged conduct or omission is truly discretionary, that is, whether it involves an element of judgment or choice instead of being 'controlled by mandatory statutes or regulations.'" Herden, 726 F.3d at 1046 (quoting United States v. Gaubert, 499 U.S. 315, 328 (1991)).

In her opposition to the Government's motion to dismiss before the district court, Hilger conceded that there was no evidence the installation, maintenance, and failure to warn of the access mat were controlled by mandatory statutes or regulations. Because Hilger concedes the same again on appeal, and because we find no allegations suggesting otherwise in her complaint, we agree with the district court that the challenged conduct is discretionary.

"If the challenged [conduct] is discretionary . . . the next inquiry is whether the government employee's judgment or choice was 'based on considerations of social, economic, and political policy.'" Herden, 726 F.3d at 1047 (citation omitted). "[I]f discretion exists, a presumption arises that the discretion is grounded in policy considerations, and the plaintiff 'must rebut this presumption.'" Buckler, 919 F.3d at 1046 (quoting Herden, 726 F.3d at 1048).

Hilger's complaint contains insufficient factual allegations to rebut this presumption. As the district court recognized, Hilger did not refute the Government's contention that the restoration project was undertaken to provide a safe and aesthetic environment for visitors while minimally intruding upon the natural and historic setting of the Memorial. Likewise, the district court found that

-3-

Hilger failed to refute the Government's contention that decisions regarding the access mat were grounded in those same considerations, as well as costs.

On appeal, Hilger characterizes the district court's application of the discretionary-function exception as "reliant" on the Government's aesthetic, natural, and historic concerns. This was an error, she says, because the decision was really about "maintaining a safe temporary walkway." Even if this were an accurate characterization of the Government's position, the argument belies our precedents. In determining whether the discretionary-function exception applies, we ask whether the challenged conduct is "*susceptible* to policy analysis," not whether it was in fact subjected to that analysis by the decisionmaker. Herden, 726 F.3d at 1047 (emphasis added) (citations omitted).

Furthermore, safety concerns are a typical policy consideration we identify when applying the discretionary-function exception. See, e.g., Alberty v. United States, 54 F.4th 571, 577-78 (8th Cir. 2022) (applying exception to decision not to use warnings at walkway, which balanced "safety, cost, and aesthetics"); Metter v. United States, 785 F.3d 1227, 1232-33 (8th Cir. 2015) (applying exception to decision to remove guardrails from recreational area, which balanced safety versus timing and costs); Chantal v. United States, 104 F.3d 207, 212-13 (8th Cir. 1997) (applying exception to installation of steps instead of ramp at Gateway Arch, which balanced safety with aesthetics).[2] By arguing that the decisions regarding the mat were all about safety, Hilger has conceded a key fact supporting the Government's challenge to subject matter jurisdiction.

---

[2]Hilger disputes the relevance of these precedents because they involve more permanent safety measures than the installation of a temporary access mat, but she cites no authority suggesting this is of any significance. See In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (La. Plaintiffs), 713 F.3d 807, 809-11 (5th Cir. 2013) (per curiam) (applying the discretionary-function exception to temporary FEMA housing).

Hilger also fleetingly argues that because the Government considered closing the Memorial during renovation, an issue ripe for discovery exists. But that argument simply bolsters the Government's contention that the decisions regarding the mat balanced safety against access, bringing them within the discretionary-function exception's ambit. Chantal, 104 F.3d at 212 ("It is well established that a decision which requires the weighing of competing interests is 'susceptible to policy analysis' and typifies the kind of governmental decisions which Congress intended to shield from judicial second-guessing." (quoting Gaubert, 499 U.S. at 325)).

Hilger's remaining arguments are equally unavailing. To the extent that she relies on Bell v. Hood, 327 U.S. 678 (1946) in arguing that dismissal under 12(b)(1) was improper, we note that Bell predates modern rules of pleading and that jurisdiction for claims under the FTCA turns on the Federal Government's limited waiver of sovereign immunity. Buckler, 919 F.3d at 1044 (citing United States v. Olson, 546 U.S. 43, 44 (2005)). Likewise, we are unpersuaded by Hilger's policy argument that allowing her injuries to go unremedied would give the Government an "escape hatch" to turn people away from the "hallowed ground" of our "Shrine of Democracy."

III.

For the foregoing reasons, we affirm the order of the district court.

_____